**SEALED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:23-cr-234-CEM-EJK
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
31 U.S.C. § 5324(a)(3)

JIHAD WILLIAM MORALES
JORGE IVAN ORTIZ BUIL
ARAMYS GONZALEZ RODRIGUEZ
MICHAEL GABRIEL ROBLES VASQUEZ

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy to Commit Money Laundering)

**I. The Conspiracy**

1. Beginning on an unknown date, but no later than on or about February 25, 2021, and continuing through on or about February 24, 2022, in the Middle District of Florida, and elsewhere, the defendants,

JIHAD WILLIAM MORALES,
JORGE IVAN ORTIZ BUIL,
ARAMYS GONZALEZ RODRIGUEZ,
and
MICHAEL GABRIEL ROBLES VASQUEZ,

did knowingly combine, conspire, and agree with Cristian Rodriguez Labour, each other, and other persons known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign

commerce, which transactions involved the proceeds of specified unlawful activity, that is computer fraud and wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## II.     Manner and Means

2.      It was part of the conspiracy that conspirators would and did obtain unauthorized access to computer systems and email accounts of victim businesses located throughout the United States and overseas.

3.      It was further part of the conspiracy that MORALES, ORTIZ BUIL, RODRIGUEZ, and ROBLES VASQUEZ would and did provide their own personal identifying information ("PII") to Labour and other conspirators so that conspirators would incorporate, and cause to be incorporated, fake businesses with the State of Florida using their personal identifiers.

4.      It was further part of the conspiracy that conspirators would and did incorporate, and cause to be incorporated, the below-listed fake businesses with the state of Florida (collectively the "fake businesses") by using the PII of the below-named defendants.

| Defendant | Fake Business(es) |
|---|---|
| MORALES | Morales Primitive, Inc. |
| ROBLES VASQUEZ | Vasquez Go Getter, Inc. |
| RODRIGUEZ | AGR Full Force Inc. |
| ORTIZ BUIL | Buil Top Chamber Inc.<br>NAG Ultimate Group, Inc. |

5. It was further part of the conspiracy that MORALES, ROBLES VASQUEZ, RODRIGUEZ, and ORTIZ BUIL, would and did create, and cause to be created, bank accounts for the fake businesses at Wells Fargo, TD Bank, JP Morgan Chase, Sun Trust/Truist, and Bank of America ("the fake business bank accounts").

6. It was further part of the conspiracy that conspirators would and did use their unauthorized access to victim businesses' computer systems and email accounts to cause or fraudulently induce Automated Clearing House (ACH) and wire transfers from the victim businesses into the fake business bank accounts.

7. It was further part of the conspiracy that Labour, MORALES, ROBLES VASQUEZ, RODRIGUEZ, ORTIZ BUIL, and other conspirators would and did transfer, and cause to be transferred, a portion of the proceeds received into the fake business accounts from victim businesses to various overseas bank accounts controlled by other members of the conspiracy.

8. It was further part of the conspiracy that Labour, MORALES, ROBLES VASQUEZ, RODRIGUEZ, ORTIZ BUIL, and other conspirators would

and did withdraw and keep a portion of the fraudulently-obtained proceeds for their own personal use as payment for their role in the laundering scheme.

9. It was further part of the conspiracy that Labour, MORALES, ROBLES VASQUEZ, RODRIGUEZ, ORTIZ BUIL, and other conspirators acted knowing that the money transferred to overseas accounts and withdrawn from the fake businesses were proceeds of some form of unlawful activity.

10. It was further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWO THROUGH EIGHT
### (Money Laundering)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

JIHAD WILLIAM MORALES,

did knowingly conduct a financial transaction affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, computer fraud and wire fraud, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds as follows:

| Count | Date | Wired Amount | Recipient |
|---|---|---|---|
| 2 | 3/2/21 | $88,500.00 | Offshore Account 1 in Zhejiang, China |
| 3 | 3/2/21 | $48,000.00 | Offshore Account 2 in Weifang, China |
| 4 | 3/5/21 | $98,500.00 | Offshore Account 2 in Weifang, China |
| 5 | 3/8/21 | $75,000.00 | Offshore Account 3 in Weifang, China |
| 6 | 3/10/21 | $96,850.00 | Offshore Account 2 in Weifang, China |
| 7 | 3/11/21 | $61,500.00 | Offshore Account 3 in Weifang, China |
| 8 | 3/14/21 | $94,660.00 | Offshore Account 2 in Weifang, China |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNTS NINE THROUGH ELEVEN
### (Structuring)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

JIHAD WILLIAM MORALES,

did knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and the regulations promulgated thereunder, structure and assist in structuring the following transactions with domestic financial institutions, while committing the violation set forth in Count One.

| Count | Date | Bank | Account # Ending | Withdrawals |
|---|---|---|---|---|
| 9 | 3/2/21 | Wells Fargo | 7601 | $10,000 and $10,000, for a total of $20,000 |
| 10 | 3/5/21 | Wells Fargo | 7601 | $9,500 and $7,000 for a total of $16,500 |
| 11 | 3/10/21 | Wells Fargo | 7601 | $9,500 and $6,000 for a total of $15,500 |

All in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2).

## COUNTS TWELVE THROUGH FOURTEEN
### (Money Laundering)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL GABRIEL ROBLES VASQUEZ,

did knowingly conduct a financial transaction affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, computer fraud and wire fraud, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds as follows:

| Count | Date | Wired Amount | Recipient |
| --- | --- | --- | --- |
| 12 | 7/8/21 | $88,750.00 | Offshore Account 2 in Weifang, China |
| 13 | 7/16/21 | $19,000.00 | Offshore Account 6 in Weifang, China |
| 14 | 11/19/21 | $8,700.00 | Offshore Account 2 in Weifang, China |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNTS FIFTEEN THROUGH TWENTY-THREE
### (Money Laundering)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

ARAMYS GONZALEZ RODRIGUEZ,

did knowingly conduct a financial transaction affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, computer fraud and wire fraud, knowing that the funds involved in the financial transaction

6

represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds as follows:

| Count | Date | Wired Amount | Recipient |
|---|---|---|---|
| 15 | 9/8/21 | $88,775.00 | Offshore Account 7 in Hangzhou, China |
| 16 | 9/10/21 | $62,000.00 | Offshore Account 7 in Hangzhou, China |
| 17 | 9/23/21 | $98,480.00 | Offshore Account 2 in Weifang, China |
| 18 | 11/10/21 | $148,715.00 | Offshore Account 8 in Weifang, China |
| 19 | 11/12/21 | $143,000.00 | Offshore Account 5 in Huzhou, China |
| 20 | 11/16/21 | $168,000.00 | Offshore Account 2 in Weifang, China |
| 21 | 11/17/21 | $178,800.00 | Offshore Account 5 in Huzhou, China |
| 22 | 11/18/21 | $148,265.00 | Offshore Account 2 in Weifang, China |
| 23 | 11/19/21 | $76,000.00 | Offshore Account 2 in Weifang, China |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNTS TWENTY-FOUR THROUGH THIRTY
### (Structuring)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

ARAMYS GONZALEZ RODRIGUEZ,

did knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and the regulations promulgated thereunder, structure and assist in structuring the following transactions with domestic financial institutions, while committing the violation set forth in Count One.

7

| Count | Date | Bank | Account # Ending | Withdrawals |
|---|---|---|---|---|
| 24 | 9/8/21 | Bank of America | 0346 | $7,000 and $9,000 for a total of $16,000 |
| 25 | 9/23/21 | TD Bank | 7031 | $10,000 and $10,000, for a total of $20,000 |
| 26 | 11/10/21 | SunTrust | 3581 | $9,500 and $9,000 for a total of $18,500 |
| 27 | 11/12/21 | SunTrust | 3581 | $9,500 and $9,500 for a total of $19,000 |
| 28 | 11/17/21 | SunTrust | 3581 | $9,500 and $9,500 for a total of $19,000 |
| 29 | 11/18/21 | SunTrust | 3581 | $9,500 and $9,500 for a total of $19,000 |

All in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2).

## COUNTS THIRTY THORUGH THIRTY-FOUR
### (Money Laundering)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

JORGE IVAN ORTIZ BUIL,

directly, and by aiding and abetting others, did knowingly conduct a financial transaction affecting interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, computer fraud and wire fraud, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds as follows:

| Count | Date | Wired Amount | Recipient |
|---|---|---|---|
| 30 | 12/27/21 | $49,850.00 | Offshore Account 4 in Shouguang, China |
| 31 | 12/27/21 | $4,450.00 | Offshore Account 4 in Shouguang, China |
| 32 | 1/28/22 | $84,600.00 | Offshore Account 2 in Weifang, China |
| 33 | 2/23/22 | $72,000.00 | Offshore Account 5 in Huzhou, China |
| 34 | 2/24/22 | $35,635.00 | Offshore Account 6 in Weifang, China |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2.

## COUNT THIRTY-FIVE
### (Structuring)

On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

JORGE IVAN ORTIZ BUIL,

did knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and the regulations promulgated thereunder, structure and assist in structuring the following transactions with domestic financial institutions, while committing the violation set forth in Count One.

| Count | Dates | Bank | Account # Ending | Withdrawals |
|---|---|---|---|---|
| 35 | 1/27/22-1/28/22 | Wells Fargo | 5625 | $9,500 and $4,000 for a total of $13,500 |

All in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2).

## FORFEITURE

1. The allegations contained in Counts One through Thirty-Five are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1) and 31 U.S.C. § 5317(c)(1)(A).

9

2. Upon conviction of a violation of 18 U.S.C. §§ 1956(h) and/or 1956(a)(1)(B)(i), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

3. Upon conviction of a violation of 31 U.S.C. § 5324, the defendants shall forfeit to the United States, pursuant to 31 U.S.C. § 5317(c)(1)(A), all property, real or personal, involved in the offense and any property traceable to such property.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1)(B).

A TRUE BILL,

_____
Foreperson

ROGER HANDBERG
United States Attorney

By: _____
Dana E. Hill
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JIHAD WILLIAM MORALES
JORGE IVAN ORTIZ BUIL
ARAMYS GONZALEZ RODRIGUEZ
MICHAEL GABRIEL ROBLES VASQUEZ

## INDICTMENT

Violation: 18 U.S.C. § 1956(h) & (a)(1)(B)(i)
31 U.S.C. § 5324(a)(3)

A true bill,

_____
Foreperson

Filed in open court this 13th day of December, 2023.

_____
Clerk

Bail   $_____